## JUNGERMAN et al. v. SECURITY STATE BANK.

### No. 11273.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1943.

Frank W. Steinle, of Jourdanton, for appellants.

Fritz C. Sorrell, of Pearsall, for appellee.

MURRAY, Justice.

A. H. Jungerman, Jr., and R. E. Malone, defendants below, have appealed from a judgment against them rendered in the District Court of Frio County in favor of Security State Bank of Pearsall. The judgment was against Jungerman for the sum of $5,471.01 and against Malone for foreclosure of a lien on thirty-eight head of cattle, but if he did not have said thirty-eight head of cattle in his possession, then the judgment against Malone was in the sum of $1,330.

The plaintiff below, Security State Bank of Pearsall, filed this suit on May 5, 1942. The defendant Jungerman was served with citation on May 9, 1942, and defendant Malone on May 12, 1942. An answer containing a general demurrer and general denial was filed on behalf of each defendant, on May 26, 1942, for Malone, and on May 28, 1942, for Jungerman. On July 28, 1942, Walter Stout, Esq., withdrew as attorney for Jungerman and on September 7, 1942, he withdrew as attorney for Malone.

On August 31, 1942, the cause was set for trial on September 7, 1942. When the case was called for trial on that date Frank W. Steinle, Esq., appeared for both defendants and asked leave to file an amended answer which set up no defense to the notes sued upon, but did set up certain defenses to the mortgage. The trial court refused leave to file this amended answer and appellants contend such action constitutes reversible error.

Defendants gave no excuse for not employing counsel sooner, other than they thought the cause was going to be compromised, but did not state who had led them to believe there would be a compromise.

Rule No. 63, Texas Rules of Civil Procedure, provides that amended pleadings may be filed at any time, but that if such amendment is offered for filing within seven days of the date of trial leave of the judge must be first obtained before it can be filed. The rule further provides that such leave should be granted, unless there be a showing that such amendment will operate as a surprise to the opposite party.

The amended answer of Jungerman tendered for filing admitted the execution of the notes and mortgages sued upon by plaintiff, but alleged that the bank had agreed that he might dispose of these mortgaged cattle without first getting its consent. The answer of Malone set up the fact that he had paid Jungerman for the cattle he had purchased from him, and that this money or the check therefor had been turned over to the bank, and therefore they could not now claim a lien on the cattle so purchased by him. The Bank plead surprise at these new defenses set up for the first time in these amended answers.

We are not prepared to say that the trial judge abused the discretion invested in him by Rule No. 63, Rules of Civil Procedure. Accordingly, the judgment is affirmed.